## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOWARD JACKSON, #R-18773, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-0582-MJR |
| | ) | |
| DEBBIE ISAACS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

For the past four years, Plaintiff Howard Jackson, a convicted sex offender, has regularly asked medical providers and prison staff at four different institutions in the Illinois Department of Corrections ("IDOC") to take an x-ray of his "privacy balls" (Doc. 1, pp. 2, 6, 9). Medical providers have declined to order an x-ray and, at times, construed the request as a sexual advance.  In return, Plaintiff has initiated five separate civil rights actions against various medical providers, prison officials, and prisons in less than two years.  *See Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR (S.D. Ill. dismissed Dec. 2, 2013) (Doc. 10); *Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (S.D. Ill. dismissed Jan. 23, 2014) (Doc. 6); *Jackson v. Lawrence Corr. Ctr. Healthcare., et al.*, No. 15-cv-00082-JPG (S.D. Ill. dismissed Apr. 2, 2015) (Doc. 15); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (S.D. Ill. dismissed Apr. 21, 2015) (Doc. 6).  Of these, four lawsuits were dismissed with prejudice and resulted in a "strike" against Plaintiff because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *Id.*; *see also* 28 U.S.C. § 1915(g).

Soon after receiving his fourth "strike," Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on May 26, 2015.  In the complaint, he names Debbie Isaacs as the only

defendant (Doc. 1). Plaintiff asserts what is, in essence, the same claim against Defendant Isaacs that resulted in her dismissal with prejudice from two prior lawsuits. *See Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (Doc. 6); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (Doc. 6). The complaint sets forth a claim against Defendant Isaacs that is not only duplicative of past claims, but it is also frivolous, malicious, and meritless.

Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP motion") without prepayment of the Court's usual $400.00[1] filing fee. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's IFP motion and affidavit fail to meet these requirements. They are virtually blank. Plaintiff completed the case caption, listed his current place of confinement, and signed the motion and affidavit (Doc. 2). Beyond this, he failed to answer any questions on the form. Although Plaintiff filed portions of his trust fund account statement with the IFP motion and the complaint, the Court cannot overlook the fact that the motion and affidavit, themselves, contain no substantive information regarding his income, assets, and debts.

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

Plaintiff's IFP motion is subject to denial for other reasons as well. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

As stated above, Plaintiff has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2]   Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury.  Plaintiff has not satisfied this requirement.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed."  *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred.  *Id.*  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had

---

[2]  *See also Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR (S.D. Ill. dismissed Dec. 2, 2013) (Doc. 10); *Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (S.D. Ill. dismissed Jan. 23, 2014) (Doc. 6); *Jackson v. Lawrence Corr. Ctr. Healthcare., et al.*, No. 15-cv-00082-JPG (S.D. Ill. dismissed Apr. 2, 2015) (Doc. 15); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (S.D. Ill. dismissed Apr. 21, 2015) (Doc. 6).

already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d 328, 331 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Plaintiff does not claim to be in imminent danger.  Instead, he requests an "emergency" x-ray of his testicles (Doc. 1, p. 11).  Plaintiff's only reason for this request is that he noticed a knot in one of his testicles (Doc. 1, p. 9).  He has been complaining about this knot for four years (Doc. 1, p. 6).  He does not allege that a medical professional recommended an emergency x-ray. He also does not allege that he is currently suffering from any symptoms that place him in imminent danger, such as pain or changes in the size of the knot.  Plaintiff's use of the word "emergency" instead seems to refer to the speed with which Plaintiff would like prison officials to act, rather than the need for this diagnostic procedure (Doc. 1, p. 11).

Along with the complaint, Plaintiff filed a grievance dated June 12, 2013 (Doc. 1, pp. 4-5).  In it, he complains of pain in his testicles and a possible hernia.  His statement of claim alludes to neither pain nor a hernia (Doc. 1, p. 9).  Without more, the two-year-old grievance provides no basis for finding that Plaintiff now faces imminent danger of serious physical injury. Because Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), he is ineligible to proceed IFP in this action.

## Merits Review Pursuant to 28 U.S.C. § 1915A

When leave to proceed IFP is denied, a prisoner-plaintiff is ordinarily allowed to carry on with an otherwise meritorious action if he pre-pays the full filing fee.  But the instant complaint does not, and cannot, survive preliminary review under 28 U.S.C. § 1915A.  For this reason, the action shall be dismissed with prejudice, and Plaintiff shall receive an additional "strike."

Section 1915A requires the Court to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

The complaint does not satisfy these standards.  Plaintiff names only one defendant in this action, i.e., Debbie Isaacs.  This is the third lawsuit he has filed against this defendant for denying his request for an x-ray.  *See also Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (S.D. Ill. dismissed Jan. 23, 2014) (Doc. 6); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (S.D. Ill. dismissed Apr. 21, 2015) (Doc. 6).  As mentioned above, the claims against Defendant Isaacs were dismissed *with prejudice* in both of the prior lawsuits.  Plaintiff has not stated any sort of different or viable claim against her in this action.  The statement of claim consists of a single sentence: "I field that that violated my constitutional right by give me some Ibuprofen 500 mg TAB an I bening to 4 prisons asking for a x-ray's for my privacy balls have a knot they denied my constitutional right by not treat me like all the other inmates in prisons" (Doc. 1, p. 9).  Noticeably absent from the allegations are any references to Defendant Isaacs.

Plaintiff's claim arises under the Eighth Amendment to the United States Constitution, which protects prisoners from cruel and unusual punishment.  *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The complaint does

not suggest that Plaintiff was suffering from a serious medical need or that Defendant Isaacs showed deliberate indifference toward that need.

A medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  The pleading does not indicate that a medical professional ever recommended an x-ray or that the knot in Plaintiff's testicle has given rise to any other symptoms (e.g., pain, swelling, etc.).

The allegations also do not suggest that Defendant Isaacs exhibited deliberate indifference toward Plaintiff.  Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation.  *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).  In other words, the defendant must have caused or participated in the violation of Plaintiff's Eighth Amendment rights by responding to his need for medical treatment with deliberate indifference.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

The statement of claim does not mention Defendant Isaacs at all.  Likewise, the exhibits fail to mention this defendant.  Beyond listing Defendant Isaacs in the case caption, it is unclear what involvement, if any, she had in Plaintiff's care and treatment.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.).  The complaint draws no connection between

the defendant and any constitutional violation.

Under the circumstances, the complaint fails to state any claim against Defendant Isaacs upon which relief may be granted.  It is duplicative of claims Plaintiff already raised in two prior lawsuits against the same individual.  In both of these lawsuits, Plaintiff filed numerous frivolous post-judgment pleadings in an apparent attempt to draw out the litigation against this defendant and others.  Under these circumstances, the latest complaint appears to be malicious and warrants consideration of sanctions.  The complaint shall be dismissed with prejudice, and Plaintiff shall receive another "strike" under 28 U.S.C. § 1915(g).

### Sanctions

It does not escape the Court's attention that Plaintiff is a frequent litigator who has racked up substantial unpaid filing fees.  Plaintiff has filed five lawsuits in less than two years in this Court, all of which pertain to his request for an x-ray.  He incurred a $350.00 filing fee in each of the first four actions and a $400.00 filing fee for this action.  His filing fees for all five actions total $1,800.00.  To date, Plaintiff has paid only $10.93 toward these fees.[3]  His unpaid filing fees total $1,789.07.

It also does not escape the Court's attention that Plaintiff remains undeterred by the dismissal orders and judgments that have been entered in each of his cases.  Proof of this can be seen in his regular, rapid filing of redundant lawsuits.  Even after judgment was entered in two of these lawsuits, Plaintiff continued barraging the court with frivolous post-judgment filings that included IFP motions, motions for leave to file amended complaints, proposed amended complaints, and letters.  *See Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (Docs. 14, 17,

---

[3] Plaintiff still owes the following: $344.72 in *Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR; $346.00 in *Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR; $348.35 in *Jackson v. Lawrence Corr. Ctr. Healthcare., et al.*, No. 15-cv-00082-JPG; $350.00 in *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR; and $400.00 in this action.

21); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (Docs. 6, 7, 9).  The threat of sanctions did not deter him.  Specifically, Plaintiff was warned that future attempts to waste judicial resources with such filings would result in the imposition of sanctions, including possible monetary fines and a filing ban.  *Id.*  The Court will not tolerate this waste of judicial resources.  He shall be ordered to show cause why the Court should not restrict him from filing any further actions in this Court until such time as all outstanding filing fees are paid.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice because the complaint is frivolous, malicious, and fails to state a claim upon which relief may be granted. Defendant **DEBBIE ISAACS** is also dismissed from the action with prejudice.  Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

Because Plaintiff's IFP Motion has been denied, it is **ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **July 10, 2015**).  If Plaintiff fails to comply with this Order in the time allotted by the Court, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full. Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation now survives his claims.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is also **ORDERED TO SHOW CAUSE** on or before **July 10, 2015**, why this Court should not restrict him from filing any further actions in this Court until such time as Plaintiff pays in full the $400.00 filing fee for this action and the outstanding $1,389.07 owed for his previously filed actions. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."). Tender by Plaintiff of the full $1,789.07 in outstanding fees for these actions to the Clerk of the Court on or before **July 10, 2015**, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.

**IT IS ALSO ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*,

503 F.3d at 655). Plaintiff has disclosed no efforts to secure counsel on his own. Further, the legal principles at issue are of the sort regularly litigated by inmates *pro se*, and Plaintiff has demonstrated his ability to litigate his own claims in five actions that he has filed to date in this District. Given that he "struck out" prior to filing this action and was warned repeatedly that continued frivolous filings would result in sanctions, counsel could have done little to assist Plaintiff in the instant action.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: June 19, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court