IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD JACKSON, #R-18773, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-0582-MJR |
| | ) |
| DEBBIE ISAACS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, who is a convicted sex offender, has accumulated five "strikes" in less than two years by filing actions in this Court that were dismissed as frivolous, malicious, or for failure to state a claim.[1] All five cases involve the same request for relief, i.e., an x-ray of Plaintiff's testicles. Plaintiff named Defendant Isaacs in three of these matters, including the instant action. *See also Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (S.D. Ill. dismissed Jan. 23, 2014) (Doc. 6); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (S.D. Ill. dismissed Apr. 21, 2015) (Doc. 6). The fact that the first two actions against this defendant were dismissed with prejudice did not deter Plaintiff from suing Defendant Isaacs on the same grounds a third time.

Plaintiff was also undeterred by the substantial filing fees he has accumulated on this filing spree. Perhaps this is because he has not paid the fees. Plaintiff's filing fees for all five

---

[1] *See Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR (S.D. Ill. dismissed Dec. 2, 2013) (Doc. 10); *Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR (S.D. Ill. dismissed Jan. 23, 2014) (Doc. 6); *Jackson v. Lawrence Corr. Ctr. Healthcare., et al.*, No. 15-cv-00082-JPG (S.D. Ill. dismissed Apr. 2, 2015) (Doc. 15); *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR (S.D. Ill. dismissed Apr. 21, 2015) (Doc. 6); *Jackson v. Isaacs*, No. 15-cv-0582-MJR (S.D. Ill. dismissed June 19, 2015) (Doc. 5).

actions total $1,800.00. To date, he has paid only $10.93 toward these fees.[2] His unpaid filing fees total $1,789.07.

On June 19, 2015, this Court ordered Plaintiff to show cause on or before July 10, 2015, why he should not be restricted from filing any further actions in this District until such time as he pays the $400.00 for this action and the outstanding $1,389.07 owed to this Court for his previously filed and/or other pending actions (Doc. 5, p. 9). The Court advised Plaintiff that tender of the full amount due of $1,789.07 by this deadline would discharge his duty to show cause.

The deadline has now passed. Prior to it, Plaintiff did not respond directly to the show cause order. He also did not pay the outstanding amount owed, or any portion of it.

Instead, Plaintiff filed three sets of documents on June 24, 2015 (Docs. 7-9). The documents include a letter, in which Plaintiff asks for "one chance for a[n] x-ray" and again summarizes the facts of his case (Doc. 8). Plaintiff also filed another motion for recruitment of counsel, in which he indicates that Doctor Funk, who is employed by Wexford Health Sources, told him to request medical care or file a grievance; in the same motion, Plaintiff indicates that without the assistance of counsel, his access to the court will be ineffective because: "I'm having a emergency balls have a knot in me It gets big from side to other an it moving in me hurting" (Doc. 7). And where the form requires Plaintiff to type or print his name, he writes, "X-ray Privacy Balls" (*Id.*). Finally, Plaintiff filed a motion to add exhibits that consist of medical records from 2007-13 and grievances and denials from 2011-13 (Doc. 9).

---

[2] Plaintiff still owes the following: $344.72 in *Jackson v. Wexford Health Care Sources, Inc., et al.*, No. 13-cv-01134-MJR; $346.00 in *Jackson v. Kraznician, et al.*, No. 14-cv-00007-MJR; $348.35 in *Jackson v. Lawrence Corr. Ctr. Healthcare., et al.*, No. 15-cv-00082-JPG; $350.00 in *Jackson v. Duncan, et al.*, No. 15-cv-00343-NJR; and $400.00 in this action.

None of these documents constitute a proper response to the Court's show cause order. The Court does not construe them as a request to reconsider the underlying dismissal order entered on June 19, 2015 (Doc. 5), pursuant to Federal Rules of Civil Procedure 59 or 60; Plaintiff does not invoke either of these rules or specifically request relief from the dismissal order. Certainly, the Court finds no basis for granting Plaintiff's request to add exhibits (Doc. 9) to the complaint or grant his request for counsel (Doc. 7) in a case that has already been dismissed. These documents are harassing and represent another attempt by Plaintiff to engage in protracted and frivolous litigation.

Plaintiff has failed to show cause why the filing ban proposed in Document 5 should not be imposed on him. Further, he has failed to make any further payments toward the outstanding fees that he owes this Court. Based on his recent filings, Plaintiff remains undeterred by the fact that he is "struck out." The Court will not tolerate this persistent waste of judicial resources. The Court now deems it appropriate to impose a filing restriction on Plaintiff, in accordance with the warning he was given on June 19, 2015 (Doc. 5, p. 9).

### Filing Restriction

**IT IS THEREFORE ORDERED** that Plaintiff Howard Jackson, #R18773, is hereby **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of $1,789.07 have been paid in full. This filing restriction does not extend to a notice of appeal from this Order (which shall result in the imposition of an additional $505.00 filing/docketing fee), to the filing of any petition for a writ of habeas corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995); *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997). In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in

this Court *no earlier* than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that two years. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this Order.

Should Plaintiff attempt to file any new civil action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this Order to the Plaintiff unfiled.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff's address of record in this case.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff **SHALL REMIT** the $400.00 filing fee for this action from Plaintiff's prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prisoner trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. In addition, Plaintiff shall note that the filing fees for multiple cases accumulate. *See Newlin*, 123 F.3d at 436, overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of Court until his fees have been paid; a prisoner who files a second suit or appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id.* Payments shall be mailed to: Clerk of

the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Pontiac Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of this Order.  FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger or serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents.

The Clerk is **DIRECTED** to enter a Judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 11, 2015**

s/ MICHAEL J. REAGAN
United States Chief District Judge